Foster Investment Corporation v. Commissioner
Foster Inv. Corp. v. Commissioner
Docket No. 109387.
United States Tax Court
1942 Tax Ct. Memo LEXIS 26; 1 T.C.M. (CCH) 254; T.C.M. (RIA) 42664; 12/19/1942
*26 L. Karlton Mosteller, Esq., First Nat'l Bldg., Oklahoma City, Okla., for the petitioner. E. G. Sievers, Esq., and L. R. Vanburg, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: The respondent has determined deficiencies in petitioner's income tax for 1939 and 1940 in the respective amounts of $826.57 and $298.03. Petitioner protests the determination of all of such deficiencies and in addition claims a refund of $325.57 for 1939. It is alleged that the respondent erred in failing to allow the deduction in 1939 and 1940 of the cost or other basis of certain oil and gas royalties which became worthless during those years. Some of the facts, including those relating to the cost, location, and development history of the several royalty interests involved have been stipulated. [The Facts] Petitioner is a Delaware corporation with its principal office at Bartlesville, Oklahoma. Its income tax returns for 1939 and 1940 were filed with the collector of internal revenue for the district of Oklahoma. These returns were made on the cash receipts and disbursements basis. Following is a list of the royalty interests which petitioner contends became worthless in 1939: *27 Royalty No.
Interest
Cost
MR 2972
1/2 of 1/8
$6,642.49
MR 2741
1/4 of 1/8
267.88
MR 2743
1/4 of 1/8
316.18
MR 2820
1/4 of 1/8
410.43
MR 2821
1/4 of 1/8
279.18
MR 2682
1/2 of 1/8
387.43
Total
$8,303.59
The above listed royalties were all acquired by petitioner in February, 1939. Royalty No. MR 2972 covers several different tracts of land located in Gallatin County, Illinois. The properties were all subject to an oil and gas lease executed in 1936 for a term of ten years and the lessee paid ground rentals in lieu of drilling, until July, 1942. The first test drillings were made in that immediate area during 1939. Two dry holes were drilled, one to a depth of 3,010 and the other to a depth of 2,454 feet, about 3 1/2 miles apart on the north and east sides of petitioner's properties. The evidence is that these dry holes condemned all of petitioner's royalties and rendered them worthless during the year 1939. In 1940 a producing well was drilled about a mile to the southeast of petitioner's properties and during 1941 a small but highly productive pool was developed in that area. However, other dry holes were drilled between the producing area and petitioner's *28 properties in 1941. There have never been any drillings directly on any of the tracts covered by petitioner's royalty. Royalties Nos. MR 2741 and MR 2743 cover two separate tracts in adjoining sections of Jasper County, Illinois. In March, 1939, a dry hole was drilled to a depth of 2,737 feet directly between these tracts. Another dry hole had been drilled in the adjoining section to the east in 1938. There was no production in the immediate area of these tracts up to the close of 1939. In 1940 two producing wells were drilled about two sections to the northeast. The dry hole drilled between petitioner's royalties in 1939 condemned them for oil and gas purposes. Royalties Nos. MR 2820 and MR 2821 are located in Fayette County, Illinois, near two producing areas. A dry hole was drilled on royalty No. MR 2820 to a depth of 2,017 feet on September 12, 1939. It was demonstrated by other drillings made during 1938 and 1939 that royalty No. MR 2821 lay outside of the producing area and was worthless. Both of these royalties became worthless in 1939. Royalty No. MR 2682 covered two small tracts located in adjoining sections in Jefferson County, Illinois. On September 26, 1939, a dry hole *29 was drilled to a depth of 3,095 feet only a short distance from these tracts. There has never been any production in that area. The royalty became worthless when the dry hole was completed in 1939. The royalties which petitioner claims became worthless in 1940 are listed in the stipulation as follows: Royalty No.
Interest
Cost
MR 2674
1/4 of 1/8
$ 149.93
MR 2675
13/70 of 1/8
112.43
MR 2681
1/4 of 1/8
314.93
MR 2667
1/4 of 1/8
164.93
MR 2671
1/2 of 1/8
190.31
MR 2695
1/4 of 1/8
352.68
Total
$1,285.21
All of these royalties were acquired by petitioner prior to 1940. The first five, Nos. MR 2674, 2675, 2681, 2667, and 2671, covered six separate tracts located in Jefferson County, Illinois. Five of these tracts lie in close proximity to each other just east of a producing area known as the Dix pool. This pool was developed, for the most part, in 1938 and 1939. It produces from the "Benoist" and "Bethel" formation, which is usually found at a depth of about 1,900 to 2,000 feet in that area. In July, 1940, a dry hole to a depth of 2,372 feet was drilled on the tract nearest the production area which is covered by royalty No. MR 2674. No other drillings have *30 ever been made on or near any of the tracts comprising that group. All of these royalties were condemned as worthless by the dry hole which was drilled in July, 1940. Royalty No. MR 2695 covered two separate parcels located in Marion County, Illinois, which adjoins Jefferson County, and in the next two sections to the north of the Dix pool. A dry hole was drilled to a depth of 2,185 feet a short distance south of one of these tracts and between it and the pool in January, 1940. In 1942 another well with a small production was drilled a short distance east of the dry hole. There has never been any drilling directly on either of the tracts covered by petitioner's royalty. The evidence is that both tracts were condemned by the dry hole drilled in 1940 and that petitioner's royalty No. MR 2695 became worthless in 1940. It is stipulated that the sedimentary series or beds underlying the petitioner's properties and the surrounding areas below the horizons or strata reached by the development in those areas have not been tested. The deduction on account of worthless royalties which petitioner claimed in its returns for 1939 and 1940 were disallowed by the respondent on the ground that *31 petitioner had not submitted information proving that the royalties became condemned for oil and gas during those taxable years. [Opinion] From the evidence before us we conclude that all of the royalties described above became worthless during the respective years 1939 and 1940 and that petitioner is entitled to the deduction of the cost or other basis of such royalties in its returns for those years. See , promulgated November 18, 1942, and , promulgated December 9, 1942. Decision will be entered under Rule 50.